Matter of Migdol (2022 NY Slip Op 05061)

Matter of Migdol

2022 NY Slip Op 05061

Decided on August 30, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 30, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Angela M. Mazzarelli
Ellen Gesmer
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-02173 Case No. 2022-02295 

[*1]In the Matter of Gerald S. Migdol, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gerald S. Migdol, (OCA Atty Reg. No. 1663137.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 4, 1980.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallej0, of counsel), for petitioner.
Joel Cohen, Esq., for respondent.

Per Curiam 

Respondent Gerald S. Migdol was admitted to the practice of law in the State of
New York by the First Judicial Department on February 4, 1980. At all times relevant to
this proceeding, he has maintained a law office within the First Department.
The Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90(4)(a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the ground that respondent was convicted of a felony as defined by Judiciary Law § 90(4)(e), as further discussed below, i.e., bribery in violation of 18 USC § 666(a)(2), and has, therefore, been automatically disbarred. Respondent does not oppose the motion.
Respondent's bribery conviction stems from, among other things, his entering into a quid pro quo agreement in 2019 with the former Lieutenant Governor of New York State, Brian Benjamin, who was then a state senator, under which agreement Benjamin offered to obtain a $50,000 state grant for a nonprofit, charitable organization operated by respondent in exchange for respondent giving him and procuring for him campaign contributions. In aid of this scheme, respondent agreed to misrepresent and conceal the sources of certain contributions to Benjamin's political campaign, which fraudulent contributions were intended to enable Benjamin's campaign to procure public matching funds under false pretenses.
On April 11, 2022, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York of (i) conspiracy in violation 18 USC § 371; bribery in violation of 18 USC §§ 666(a)(2) and 2; (ii) honest services wire fraud in violation of 18 USC §§ 1343, 1346, and 2; (iii) wire fraud conspiracy in violation of 18 USC § 1349; (iv) aggravated identity theft in violation of 18 USC §§ 1028A(a)(1), 1028A(b), and 2; (iv) falsification of records in violation of 18 USC §§ 1519 and 2; and (v) bank fraud conspiracy in violation of 18 USC § 1349. The AGC advises that as of the date of this motion respondent has not yet been sentenced.
The AGC contends that "automatic" disbarment is warranted because respondent's federal conviction for bribery under 18 USC § 666(a)(2) is analogous to the New York class D felony of bribery in the third degree (Penal Law § 200.00).
18 USC § 666(a)(2) provides:
"[w]hoever corruptly gives, offers, or agrees to give anything of value to
any person, with intent to influence or reward an agent of an organization
or of a State, local government, or any agency thereof, in connection
with any business, transaction, or series of transactions of such
organization, government, or agency involving anything of value of $5,000
or more; shall be fined under this title, imprisoned not more than 10 years,
or both."[FN1]
Penal Law § 200.00, in turn, provides:
"[a] person is [*2]guilty of bribery in the third degree when he confers, or
offers or agrees to confer, any benefit upon a public servant upon an
agreement or understanding that such public servant's vote, opinion,
judgment, action, decision or exercise of discretion as a public servant will
thereby be influenced."
By counsel's affirmation dated June 15, 2022, respondent conceded that he
"plead[ed] guilty to federal felonies which were equivalent to New York State felonies," and that, "[a]s a consequence, [he] was automatically disbarred by operation of law on April 11, 2022, the date he entered his guilty plea."
We have previously determined that a conviction under 18 USC § 666(a)(2) is analogous to a conviction under Penal Law § 200.00 and, "being a felony, warrants automatic disbarment pursuant to Judiciary Law § 90 (4)(e)" (Matter of Chambers, 169 AD3d 100, 102 [1st Dept 2019], citing Matter of Castro, 216 AD2d 782 [3d Dept 1995]). Although, as noted, the AGC advises that respondent has not yet been sentenced, the instant motion is nevertheless timely as respondent was disbarred by operation of law at the time of his guilty plea (see Matter of Block, 105 AD3d 70, 72 [1st Dept 2013]; Matter of Cherry, 51 AD3d 119, 120 [1st Dept 2008]).
Accordingly, the AGC's motion should be granted and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to April 11, 2022.
All concur. IT IS ORDERED that the Attorney Grievance Committee's motion is granted and pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), respondent, Gerald S. Migdol, is disbarred, effective nunc pro tunc to April 11, 2022, based on his conviction of a felony, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, and
IT IS FURTHER ORDERED that the respondent, Gerald S. Migdol, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof, and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Gerald S. Migdol, is commanded to desist and refrain from (1) practicing law in any form, either as a principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if respondent, Gerald S. Migdol, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: August 30, 2022

Footnotes

Footnote 1: Respondent's bribery and other convictions also implicated 18 USC § 2, which provides that a participant in a crime against the United States is punishable as a principal.